PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize the amended standard instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.
Following publication of its proposals in The Florida Bar News, the Committee filed its report with the Court on December 27, 2012. The Committee proposes amending the following jury instructions: 28.5 (Reckless Driving); 28.9 (No Valid Driver’s License); 28.9(a) (No Valid Commercial Driver’s License); 28.10 (Restricted License); 28.11 (Driving While License Suspended, Revoked or Canceled with Knowledge); 28.11(a) (Driving While License Revoked as a Habitual Traffic Offender); and 28.13 (Refusal to Submit to Testing).[1] In addition, the Committee proposes the following new jury instructions: 29.20 (Abuse of an Elderly Person/a Disabled Adult); 29.21 (Aggravated Abuse of an Elderly Person/a Disabled Adult); 29.22 (Neglect of an Elderly Person/a Disabled Adult); 29.23 (Failure to Provide Required Documents While Working/Operating a Massage Establishment); 29.24 (Human Trafficking); and 29.25 (Human Trafficking by a Parent/Legal Guardian/Person with Control of a Minor). A comment was received by the Committee pertaining to the instructions for reckless driving and aggravated fleeing or eluding. Upon its review of the comment, the Committee declined to change its proposals.
Having considered the Committee’s report and the comment filed, we amend the standard jury instructions as discussed below, as proposed by the Committee except as noted otherwise, and authorize the amended jury instructions for publication and use.
Instruction 28.5 (Reckless Driving) is amended to take into account two separate offenses under section 316.192, Florida Statutes (2012). Subsection (l)(a) defines traditional reckless driving, while subsection (l)(b) defines a non-traditional form of the offense, as it provides that “[fjleeing a *693 law enforcement officer in a motor vehicle is reckless driving per se.” § 316.192(l)(b), Fla. Stat. (2012). Accordingly, traditional and non-traditional reckless driving are set out as separate elements with an italicized instruction to give the appropriate element depending on what offense is charged. The definition of “vehicle” is amended to delete the reference to “bicycles” and “mopeds,” citing section 316.003(75), Florida Statutes (2012). In addition, definitions for “serious bodily injury,” “motor vehicle,” “fleeing a law enforcement officer,” and “highway” are included, as is a table of lesser-included offenses.
Instructions 28.9 (No Valid Driver’s License), 28.9(a) (No Valid Commercial Driver’s License), 28.11 (Driving While License Suspended, Revoked or Canceled with Knowledge), and 28.11(a) (Driving While License Revoked as a Habitual Traffic Offender) are each amended to correct statutory citations and to add the offense of attempt to the table of lesser-included offenses for each instruction.
Instruction 28.10 (Restricted License) is amended to correct the statutory citations to the definitions of “motor vehicle” and “highway.” In addition, a lesser-included offenses table is added to include the offense of attempt. Finally, a note in the Comment is added to provide as follows: “Under § 322.16(5), Fla. Stat., violation of a restriction imposed pursuant to § 322.16(l)(c) is a second-degree misdemeanor. Under § 322.16(6), a violation of a restriction imposed pursuant to another subsection is a moving violation. See Ch.2010-62, § 28, Laws of Fla.”
Instruction 28.13 (Refusal to Submit to Testing) is amended in four ways. First, the word “lawfully” is added to the element that the defendant was arrested for driving under the influence. Next, the term “swamp buggy” is added to the “motor vehicle” definition section. Next, a table of lesser-included offenses is added to include the offense of attempt. And finally, the Comment is amended to include the following: “Where the lawfulness of the arrest is at issue, a special instruction may be warranted.”
New jury instructions 29.20 (Abuse of an Elderly Person/a Disabled Adult); 29.22 (Neglect of an Elderly Person/a Disabled Adult); 29.23 (Failure to Provide Required Documents While Working/Operating a Massage Establishment); 29.24 (Human Trafficking); and 29.25 (Human Trafficking by a Parent/Legal Guardian/Person with Control of a Minor) are authorized as proposed. New jury instruction 29.21 (Aggravated Abuse of an Elderly Person/a Disabled Adult) is authorized as proposed with one exception: we revise the portion of the instruction pertaining to the definition of “maliciously” to provide as follows:

Give if element lcis charged.

“Maliciously” means wrongfully, intentionally, and without legal justification or excuse. Maliciousness may be established by circumstances from which one could conclude that a reasonable person would not have engaged in the damaging acts toward the victim for any valid reason and that the primary purpose of the acts was to cause the victim unjustifiable pain or injury.
In modifying the Committee’s proposal, the Court is mindful that while the Florida Legislature did not define “maliciously” in section 825.102, Florida Statutes (2012) (Abuse, aggravated abuse, and neglect of an elderly person or disabled adult; penalties), as it did in section 827.03, Florida Statutes (2012) défining Aggravated Child Abuse, the statutes otherwise mirror one another with respect to the elements establishing the respective offenses.
The new and amended instructions, as set forth in the appendix to this opinion, *694 are authorized for publication and use.[2] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

APPENDIX

28.5 RECKLESS DRIVING
§ 316.192(l)(a) and (l)(b), Fla. Stat.
To prove the crime of Reckless Driving, the State must prove the following two — elements beyond a reasonable doubt:

Give if § 316.192(l)(a), Fla. Stat. is charged.

Lr (Defendant) drove a vehicle in Florida with a willful or wanton disregard for the safety of persons or property.
2, — [He][She]-did-so-with a willful- or wanton disregard for-the-safety-of persons or property.

Give if Fla. Stat. § 316.192(l)(b), Fla. Stat. is charged.

(Defendant), while driving a motor vehicle, fled from a law enforcement officer.

Give if applicable. Fla. Stat. § 316.192(3).

If you find (defendant) guilty of Reckless Driving, you must also determine whether the State has proven beyond a reasonable doubt that [he][she] caused [damage to the [property] [or] [person] of another] [or] [serious bodily injury to another] as a result of operating the vehicle recklessly.

Definitions. Give if applicable.

W.E.B. v. State, 553 So.2d 323 (Fla. 1st DCA 1989).

“Willful” means intentionally, knowingly and purposely.
“Wanton” means with a conscious and intentional indifference to consequences and with knowledge that damage is likely to be done to persons or property.
Optional-Definitions.- Fla. Stat. § 316.003(75).
A “vehicle” is any device in, upon, or by which any person or property is, or may be, transported or drawn upon a highway, except bicycles or “mopeds-”-or *695 devices used exclusively upon stationary rails or tracks.

Give if applicable. Fla. Stat. § 316.192(3) (c)2.

“Serious bodily injury” means an injury to another person which consists of a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

Give if applicable.

Fla. Stat. § 316.003(21).

A “motor vehicle” is a self-propelled vehicle not operated upon rails or guide-way, but not including any bicycle, motorized scooter, electric personal assis-tive mobility device, swamp buggy, or moped.

Fla. Stat. § 316.1935.

“Fleeing a law enforcement officer” means 1) the defendant was operating a motor vehicle upon a street or highway in Florida; 2) a duly authorized law enforcement officer ordered the defendant to stop or remain stopped; 3) the defendant, knowing [he][she] had been ordered to stop by a duly authorized law enforcement officer, either willfully refused or failed to stop the vehicle in compliance with the order or having stopped the vehicle, willfully fled in a vehicle in an attempt to elude the officer.

Fla. Stat. § 316.003(53).

“Highway” means:
(a) the entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic;
(b) the entire width between the boundary lines of any privately owned way or place used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons, or any limited access road owned or controlled by a special district, whenever, by written agreement entered into under Fla. Stat. 316.006(2)(b) or (3)(b), a county or municipality exercises traffic control jurisdiction over said way or place;
(c) any area, such as a runway, taxiway, ramp, clear zone, or parking lot, within the boundary of any airport owned by the state, a county, a municipality, or a political subdivision, which area is used for vehicular traffic but which is not open for vehicular operation by the general public; or
(d) any way or place used for vehicular traffic on a controlled access basis within a mobile home park recreation district which has been created under Fla. Stat. 418.30 and the recreational facilities of which district are open to the general public.
Lesser Included Offenses
No lesser included-offenses-have been identified-fog4his-offense.-
*696 RECKLESS DRIVING CAUSING SERIOUS BODILY INJURY — 316.192(1); 316.192(3)(a)(b)(c)2
CATEGORY ONE_CATEGORY TWO FLA. STAT._INS. NO,
Reckless driving causing 316.192(3)(a)(b)(c)l 28.5 injury_
Reckless driving_316.192(l)(a)28.5
Reckless driving causing 316.192(3)(a)(b)(c)l 28.5 property damage
Comment
This instruction was adopted in 1981 and amended in 2013.
28.9 NO VALID DRIVER’S LICENSE
§ 322.03, Fla. Stat.
To prove the crime of No Valid Driver’s License, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) drove a motor vehicle upon a highway in this state.
2. At the time, [he][she] did not have a valid driver’s license recognized by the Department of Highway Safety and Motor Vehicles of the State of Florida.

Definitions.

§ 322.014154(16), Fla. Stat.

“Drive” means to operate or be in actual physical control of a motor vehicle in any place open to the general public for purposes of vehicular traffic.

§ 322.01(26)(27), Fla. Stat.

“Motor vehicle” means any vehicle which is self-propelled, including a “moped,” but not any vehicle moved solely by human power, motorized wheelchair or motorized bicycle.
“Valid driver’s license” means a driver’s license recognized by the Department of Highway Safety and Motor Vehicles which has not expired, been suspended, revoked or canceled.

§ 322.014384(39), Fla. Stat.

“Street or Highway” means the entire width between the boundary lines of every way or place if any part thereof is open to the use of the public for purposes of vehicular traffic.

Optional Definitions.

“Expired” means the license was not renewed on or before the expiration date.

§ 322.014364(40), Fla. Stat.

“Suspended” means the privilege to drive a motor vehicle has been temporarily withdrawn.

§ 322.014364(36), Fla. Stat.

“Revoked” means the privilege to drive a motor vehicle has been terminated.

§ 322.01(5), Fla. Stat.

“Canceled” means that a license has been declared void and terminated.
“Actual physical control” of a motor vehicle means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he][she] is actually operating the vehicle at the time.
Lesser Included Offenses
No lesser — included offenses have been identified for this offense.
*697 NO VALID DRIVER’S LICENSE — 322.03
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT.
None
Attempt_777.04(1) 61
Comment
This instruction was adopted in 1981, and amended in 2007 [958 So.2d 361] and 2013.
28.9(a) NO VALID COMMERCIAL DRIVER’S LICENSE
§ 322.03, Fla. Stat.
To prove the crime of No Valid Commercial Driver’s License, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) drove a commercial motor vehicle upon a highway in this state.
2. At the time, the defendant did not have a valid commercial driver’s license issued by the Department of Highway Safety and Motor Vehicles of the State of Florida.

Definitions.

§ 322.0105)(16), Fla. Stat.

“Drive” means to operate or be in actual physical control of a motor vehicle in any place open to the general public for purposes of vehicular traffic.

§ 322.0109)(27), Fla. Stat.

“Motor vehicle” means any vehicle which is self-propelled, including a “moped,” but not any vehicle moved solely by human power, motorized wheelchairs or motorized bicycles.

§ 322.01(8), Fla. Stat.

“Commercial motor vehicle” means any motor vehicle used on the streets or highways, which:
a. Has a gross vehicle weight rating of 26,001 pounds or more;
b. Is designed to transport more than 15 persons, including the driver, or;
c. Is transporting hazardous materials and is required to be placarded in accordance with Title 49 C.F.R. part 172, subpart F.

§ 322.01(7), Fla. Stat.

“Valid commercial driver’s license” means a Class A, Class B, or Class C driver’s license issued by the Department of Highway Safety and Motor Vehicles of the State of Florida which has not expired, been suspended, revoked or canceled.

§ 322.0108)(39), Fla. Stat.

“Street or Highway” means the entire width between the boundary lines of every way or place if any part thereof is open to the use of the public for purposes of vehicular traffic.

Optional Definitions.

“Expired” means the license was not renewed on or before the expiration date.

§ 322.0109)(Júf Fla. Stat.

“Suspended” means the privilege to drive a motor vehicle has been temporarily withdrawn.

§ 322.0109)(36), Fla. Stat.

*698 “Revoked” means the privilege to drive a motor vehicle has been terminated.

§ 322.01(5), Fla. Stat.

“Canceled” means that a license has been declared void and terminated.
“Actual physical control” of a vehicle means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he][she] is actually operating the vehicle at the time.
Lesser Included Offenses
NO VALID COMMERCIAL DRIVER’S LICENSE — § 322.03
CATEGORY ONE CATEGORY TWO FLA.STAT. INS. NO.
No Valid Driver’s 322.03 28.9 License
Attempt 777,04(1) 51
Comment
This instruction was adopted in 2007 [958 So.2d 361] and amended in 2013.
28.10 RESTRICTED LICENSE
§ 322.16, Fla. Stat.
To prove the crime of Operating a Motor Vehicle in Violation of the Restrictions Imposed in a Restricted License, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) drove a motor vehicle upon a highway in this state.
2. The license was restricted by the Department of Highway Safety and Motor Vehicles of this state.
3. The restriction was noted upon the license.
4. The defendant operated the motor vehicle in violation of the restriction.

Definitions._

§ 322.01{2S)(27X_ Fla. Stat.

“Motor vehicle” means any self-propelled vehicle, including a motor vehicle combination, not operated upon rails or guideway, excluding vehicles moved solely by human power, motorized wheelchairs, and motorized bicycles as defined in § 316.003, Fla.Stat.
“Restricted operator’s or chauffeur’s license” means a license issued by the Department of Highway Safety and Motor Vehicles which is restricted in any manner.

§ 322.0l4m(39), Fla.Stat.

“Highway” means the entire width between the boundary lines of a way or place if any part of that way or place is open to public use for purposes of vehicular traffic.
Lesser Included Offenses
No -lesser included offenses have been identified for this offense;
*699 RESTRICTED LICENSE — 322.16
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT.

None

Attempt_777.04(1) 5J
Comments
Under § 322.16(5), Fla. Stat., violation of a restriction imposed pursuant to § 322.16(l)(c) is a second-degree misdemeanor. Under § 322.16(6), a violation of a restriction imposed pursuant to another subsection is a moving violation. See Ch.2010-62, § 28, Laws of Fla.
This instruction was adopted in 1981 and amended in 2013.
28.11 DRIVING WHILE LICENSE SUSPENDED, REVOKED OR CANCELED WITH KNOWLEDGE
§ 322.34(2), Fla. Stat.
To prove the crime of Driving While [License] [Driving Privilege] is [Suspended] [Revoked] [Canceled], the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) drove a motor vehicle upon a highway in this state.
2. At the time, [[his][her]] [[license] [driving privilege]] was [suspended] [revoked] [canceled].
3. At the time (defendant) drove a motor vehicle upon a highway in this state, (defendant) knew that [[his][her]] [[license] [driving privilege]] was [suspended] [revoked] [canceled].
Whether (defendant) knew of the [suspension] [revocation] [cancellation] is a question to be determined by you from the evidence.

Give as applicable. See § 322.251(1), (2), and § 322M(2), (3), (k), Fla. Stat

Proof that there exists an entry in the records of the Department of Highway Safety and Motor Vehicles showing that notice of the [suspension] [revocation] [cancellation] was given by personal delivery is proof that such notice was given.
Proof that there exists an entry in the records of the Department of Highway Safety and Motor Vehicles showing that notice of the [suspension] [revocation] [cancellation] was deposited in United States mail, first class, postage prepaid, addressed to the licensee at [his][her] last known mailing address furnished to the department, is proof that such notice was sent.
If you find that (defendant) had been previously cited for driving while license [suspended] [revoked] [canceled] and [his][her] license had not been reinstated, you may conclude that (defendant) knew of the [suspension] [revocation] [cancellation].
If you find that (defendant) admitted to knowing of the [suspension] [revocation] [cancellation], you may conclude that (defendant) knew of the [suspension] [revocation] [cancellation].
If you find that (defendant) had received a traffic citation that contained a provision notifying (defendant) that [his][her] license had been suspended, revoked, or canceled, you may conclude that (defendant) knew of the [suspension] [revocation] [cancellation].

*700
Do not give if the suspension was for failure to pay a traffic fine or for a financial responsibility violation. See § 322M(2) md § 322.251(1), (2), Fla. Stat.

If you find that (defendant) had received a [judgment] [order] rendered by [a court] [an adjudicatory body] which contained a provision notifying (defendant) that [his] [her] license had been [suspended] [revoked] [canceled], you may conclude that (defendant) knew of the [suspension] [revocation] [cancellation].
If you find that the records of the Department of Highway Safety and Motor Vehicles include a [judgment] [order] rendered by [a court] [an adjudicatory body] which contains a provision notifying (defendant) that [his][her] license had been [suspended], [revoked] [canceled], you are permitted to assume that (defendant) knew [his][her] license was [suspended] [revoked] [canceled]. This presumption, however, is rebutta-ble, and you may accept or reject the presumption depending upon the circumstances of the crime and the facts presented at trial.

Definitions.

§ 322.01(15), Fla. Stat.

“Drive” means to operate or be in actual physical control of a motor vehicle in any place open to the general public for purposes of vehicular traffic.

§ 322.01(24X27), Fla. Stat.

“Motor vehicle” means any vehicle which is self-propelled, including a “moped,” but not any vehicle moved solely by human power, motorized wheelchair or motorized bicycle.

§ 322.0108X39), Fla. Stat.

“Street or Highway” means the entire width between the boundary lines of every way or place if any part thereof is open to the use of the public for purposes of vehicular traffic.

§ 322.251, Fla. Stat.

“Notice” means personal delivery or deposit in the United States mail, first class, postage prepaid, addressed to the defendant at [his][her] last known address furnished to the Department of Highway Safety and Motor Vehicles. Mailing by the department shall constitute notification.

Optional Definitions.

§ 322.0109)00] Fla. Stat.

“Suspended” means the privilege to drive a motor vehicle has been temporarily withdrawn.

§ 322.0105)06), Fla. Stat.

“Revoked” means the privilege to drive a motor vehicle has been terminated.

§ 322.01(5), Fla. Stat.

“Canceled” means that a license has been declared void and terminated.
“Actual physical control” of a vehicle means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he][she] is actually operating the vehicle at the time.

§ 322.251(1), Fla. Stat.

Failure by the defendant to receive the mailed order shall not affect or stay the effective date or term of the [cancellation], [suspension], [revocation] of the defendant’s driving privilege.

Lesser Included Offenses
*701 DRIVING WHILE LICENSE SUSPENDED, REVOKED OR CANCELED, LICENSE WITH KNOWLEDGE — § 322.34
CATEGORY ONE CATEGORY TWO FLA. STAT INS. NO.
No Valid Driver’s 322.03 28.9 License
Attempt_777.04(1) 5.1
Comment
This instruction was adopted in 1981, and amended in 2007 to reflect Laws of Florida 97-300, Section 40, effective October 1, 1997 [958 So.2d 361] and 2013.
28.11(a) DRIVING WHILE LICENSE REVOKED AS A HABITUAL TRAFFIC OFFENDER
§ 322.34(5), Fla. Stat.
To prove the crime of Driving While License Revoked as a Habitual Traffic Offender, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) drove a motor vehicle upon a highway in this state.
2. At the time, (defendant’s) license was revoked as a habitual traffic offender.

Definitions.

§ 322.01^(16), Fla. Stat.

“Drive” means to operate or be in actual physical control of a motor vehicle in any place open to the general public for purposes of vehicular traffic.

§ 322.01{26)(27), Fla. Stat.

“Motor vehicle” means any vehicle which is self-propelled, including a “moped,” but not any vehicle moved solely by human power, motorized wheelchair or motorized bicycle.

§ 322.0Um(39), Fla. Stat.

“Street or Highway” means the entire width between the boundary lines of every way or place if any part thereof is open to the use of the public for purposes of vehicular traffic.
“Habitual traffic offender” is any person whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that [he][she] has been designated a Habitual Traffic Offender, resulting in [his][her] privilege to drive a motor vehicle having been revoked.

§ 322.014§5)(36), Fla. Stat.

“Revoked” means the privilege to drive a motor vehicle has been terminated.

Optional Definition.

“Actual physical control” of a vehicle means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.
Lesser Included Offenses
DRIVING WHILE LICENSE REVOKED AS A HABITUAL TRAFFIC OFFENDER — § 322,34(5)
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO,
No Valid Driver’s 322.03 28.9 License
Attempt_777.04(1)51
*702 Comment
This instruction was adopted in 2007 [958 So.2d 361] and amended in 2013.
28.13 REFUSAL TO SUBMIT TO TESTING
§ 316.1939 Fla. Stat.
To prove the crime of Refusal to Submit to Testing, the State must prove the following six elements beyond a reasonable doubt:

Give la and/or lb as applicable.

1. A law enforcement officer had probable cause to believe (defendant) [drove] [was in actual physical control of] a motor vehicle in this state while
a. under the influence of [an alcoholic beverage] [ (a chemical substance listed in 877.111 Fla. Stat.) ][ (a controlled substance listed in Chapter 893)] to the extent (Defendant’s) normal faculties were impaired.
b. [his][her] [breath] [blood] alcohol level was .08 or higher.

Give 2a in cases where the defendant was arrested. Give 2b in cases where the defendant appeared for treatment at a hospital, clinic, or other medical facility and the administration of a breath or urine test was impractical or impossible.

2. a. The law enforcement officer lawfully arrested (defendant) for Driving «Under the Influence.
b. The law enforcement officer requested a blood test.
3. (Defendant) was informed that if [he][she] refused to submit to a [chemical] [physical] test of [his][her][breath] [blood] [urine], [his][her] privilege to operate a motor vehicle would be suspended for a period of one year, or, in the case of a second or subsequent refusal, for a period of 18 months.
4. (Defendant) was informed that it is a misdemeanor to refuse to submit to a lawful test of [his][her] [breath] [blood] [urine], if [his] [her] driving privilege had been previously suspended for a prior refusal to submit to a lawful test of [his][her] [breath] [blood] [urine].
5. (Defendant), after being so informed, refused to submit to a [chemical] [physical] test of [his][her] [breath][blood] [urine] when requested to do so by a [law enforcement officer] [correctional officer].
6. (Defendant’s) driving privilege had been previously suspended for a pri- or refusal to submit to a lawful test of [his][her] [breath] [blood] [urine].

Inference.

You are permitted to conclude that (defendant’s) driving privilege had been previously suspended for a prior refusal to submit to a lawful test of [his][her][breath][blood][urine] if a record from the Department of Highway Safety and Motor Vehicles shows such a suspension.

Definitions.

§ 316.003(21) Fla. Stat.

“Motor vehicle” means any self-propelled vehicle not operated upon rails or guideway, but not including any bicycle, motorized scooter, electric personal as-sistive mobility device, swamp buggy, or moped.
“Probable cause” exists where the totality of circumstances, from the perspective of the law enforcement officer’s *703 knowledge, training and experience, gave the officer reasonable grounds and a fair probability to believe that a crime had been committed.

Give if applicable.

“Actual physical control” means the defendant must be physically in or on the motor vehicle and have the capability to operate the motor vehicle, regardless of whether [he][she] is actually operating the vehicle at the time.
Lesser Included Offenses
No-lesser included offenses--have been identified for this offense.
REFUSAL TO SUBMIT TO TESTING — 316.1939
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT.
None
Attempt_777.04_5fi
Comment
Where the lawfulness of the arrest is at issue, a special instruction may be warranted.
This instruction was adopted in 2007 [965 So.2d 811] and 2013.
29.20 ABUSE OF [AN ELDERLY PERSON] [A DISABLED ADULT]
§ 825.102(1), Fla. Stat.
To prove the crime of Abuse of [An Elderly Person] [A Disabled Adult], the State must prove the following two elements beyond a reasonable doubt:
L (Defendant) knowingly or willfully

Give as applicable.

a. intentionally inflicted physical or psychological injury upon (victim).
b. committed an intentional act that could reasonably be expected to result in physical or psychological injury to (victim).
c.actively encouraged another person to commit an act that resulted in or could reasonably have been expected to result in physical or psychological injury to (victim).
2. At the time, (victim) was [an elderly person] [a disabled adult].
Definitions. Give as applicable.

§ 825.101(4), Fla. Stat.

“Disabled” adult means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person’s ability to perform the normal activities of daily living.

§ 825.101(5), Fla. Stat.

“Elderly” person means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide *704 adequately for the person’s own care or protection is impaired.

Patterson v. State, 512 So.2d 1109 (Fla. 1st DCA 1987).

“Willfully” means knowingly, intentionally, and purposely.
Lesser Included Offenses
ABUSE OF [AN ELDERLY PERSON] [A DISABLED ADULT]— 825.102(1)
CATEGORY ONE CATEGORY TWO FLA. INS. NO. STAT.
None
Battery 784.03 8.3
Attempt 777.04(1) 5.1
Comment
This instruction was adopted in 2013.
29.21 AGGRAVATED ABUSE OF [AN ELDERLY PERSON] [A DISABLED ADULT]
§ 825.102(2), Fla. Stat.
To prove the crime of Aggravated Abuse of [An Elderly Person] [Disabled Adult], the State must prove the following two elements beyond a reasonable doubt:
L (Defendant)

Give as applicable.

a. committed aggravated battery upon (victim).
b. willfully tortured (victim).
c. maliciously punished (victim),
d. willfully and unlawfully caged (victim).
e. knowingly or willfully abused (victim) and in so doing caused great bodily harm, permanent disability, or permanent disfigurement.
2. At the time, (victim) was [an elderly person] [a disabled adult].

Definitions. Give as applicable.

§ 825.101 M, Fla. Stat.

“Disabled adult” means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person’s ability to perform the normal activities of daily living.

§ 825.101(5), Fla. Stat.

“Elderly person” means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person’s own care or protection is impaired.

Give if element la is charged.

§ 7810Í5, Fla. Stat.

In order to prove that an aggravated battery was committed, the State must prove the following:
2. (Defendant) intentionally touched or struck (victim) against the will *705 of (victim) or caused bodily harm to (victim).
3. In so doing, (defendant) intentionally or knowingly caused [great bodily harm] [permanent disability] [permanent disfigurement] or [used a deadly weaponj.

Give if applicable.

A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.

Give if element lb, Id, or le is charged.

Patterson v. State, 512 So.2d 1109 (Fla. 1st DCA 1987).

“Willfully” means knowingly, intentionally, and purposely.

Give if element Ids charged.

“Maliciously” means wrongfully, intentionally, and without legal justification or excuse. Maliciousness may be established by circumstances from which one could conclude that a reasonable person would not have engaged in the damaging acts toward the victim for any valid reason and that the primary purpose of the acts was to cause the victim unjustifiable pain or injury.

Give if element le is charged.

“Abused” means the [intentional infliction of physical or psychological injury upon [an elderly person] [a disabled adult]] [commission of an intentional act that could reasonably be expected to result in physical or psychological injury to [an elderly person] [a disabled adult]] [active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or psychological injury to [an elderly person] [a disabled adult]].
Lesser Included Offenses
AGGRAVATED ABUSE OF [AN ELDERLY PERSON] [A DISABLED ADULT]— 825.102(2)
CATEGORY ONE CATEGORY TWO FLA. INS. NO, STAT.
Aggravated Battery if Fla. Stat. 784.045 8.4 825.102(2)(a) is charged
Abuse of An Elderly Person or Disabled 825.102(1) 29.20 Adult
Felony Battery if Fla. Stat. 825.102(2)(a) is 784,041(1) 8.5 charged
Battery if Fla. Stat. 825.102(2)(a) is 784.03 8.3 charged
Attempt 777.04(1) 51
*706 Comment
This instruction was adopted in 2013.
29.22 NEGLECT OF [AN ELDERLY PERSON] [A DISABLED ADULT]

§ 825.102(3), Fla. Stat.

To prove the crime of Neglect of [An Elderly Person] [A Disabled Adult], the State must prove the following three elements beyond a reasonable doubt:
L (Defendant) was a caregiver for (victim).
2. (Victim) was [an elderly person] [a disabled adult].
3. (Defendant)

Give as applicable.

a. [willfully] [by culpable negligence] failed or omitted to provide (victim) with the care, supervision, and services necessary to maintain (victim’s) physical or mental health.
b. failed to make a reasonable effort to protect (victim) from abuse, neglect, or exploitation by another person.

Give jf the § 825.102(3)(b), Fla. Stat. is charged.

If you find the defendant guilty of Neglect of [An Elderly Person] [A Disabled Adult], you must then determine whether the State proved beyond a reasonable doubt that the defendant’s failure or omission caused [great bodily harm] [permanent disability] [or] [permanent disfigurement] to (victim).

Definitions.

Give if applicable. § 825.101(f), Fla. Stat.

“Disabled adult” means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person’s ability to perform the normal activities of daily living.

Give if applicable. § 825.101(5), Fla. Stat.

“Elderly person” means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person’s own care or protection is impaired.

Give in all cases. § 825.101(2), Fla. Stat.

“Caregiver” means a person who has been entrusted with or has assumed responsibility for the care or the property of [an elderly person] [a disabled adult]. “Caregiver” includes, but is not limited to, relatives, court-appointed or voluntary guardians, adult household members, neighbors, health care providers, and employees and volunteers of facilities. [“Facility” means any location providing day or residential care or treatment for elderly persons or disabled adults. The term “facility” may include, but is not limited to, any hospital, training center, state institution, nursing home, assisted living facility, adult family-care home, adult day care center, group home, mental health treatment center, or continuing care community.]

Give if “willfully” is charged within element 3a.

Patterson v. State, 512 So.2d 1109 (Fla. 1st DCA 1987).

“Willfully” means knowingly, intentionally, and purposely.

*707
Give if “culpable negligence" is charged, within element 3a.

I will now define what is meant by the term “culpable negligence”: Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care for others. For negligence to be called culpable negligence, it must be gross and flagrant. The negligence must be committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily harm.

Give if element 3a is charged. § 825.102(3) (a), Fla. Stat.

“Care, supervision, and services necessary to maintain the [elderly person’s] [disabled adult’s] physical and mental health” include, but are not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the [elderly person] [disabled adult].

Give if “abuse” is chawed within element 3b. § 825.102(1), Fla. Stat.

“Abuse” means the [intentional infliction of physical or psychological injury upon [an elderly person] [a disabled adult]] [commission of an intentional act that could reasonably be expected to result in physical or psychological injury to [an elderly person] [a disabled adult]] [active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or psychological injury to [an elderly person] [a disabled adult]].

Give if “neglect” is charged, within element 3b. § 825.102(3), Fla. Stat.

Neglect of [an elderly person] [a disabled adult] may be based on repeated conduct or on a single incident or omission that resulted in, or reasonably could have been expected to result in, serious physical or psychological injury, or a substantial risk of death, to [an elderly person] [a disabled adult].

If “exploitation” is charged within element Sb, insert the elements from Instruction U.9. See § 825.103, Fla. Stat.

Lesser Included Offenses
NEGLECT OF [AN ELDERLY PERSON] [A DISABLED ADULT] CAUSING [GREAT BODILY HARM] [PERMANENT DISABILITY] [PERMANENT _DISFIGUREMENT] — 825.102(3)(b)_
CATEGORY ONE_CATEGORY TWO FLA, STAT. INS. NO.
Neglect of [An Elderly Person] [A Pis- 825.102(3)(c) 29,22 abled Adult] Without Causing Great Bodily Harm, Permanent Disability, or Permanent Disfigurement
Culpable Negligence Inflicting Actual 784,05(2) 8,9 Personal Injury, if culpable negligence is charged
*708 Culpable Negligence Exposing Another 784.05(1) 8.9 Person to Personal Injury, if culpable negligence is charged
Comment
This instruction was adopted in 2013.
29.23 FAILURE TO PROVIDE REQUIRED DOCUMENTS WHILE [WORKING IN] [OPERATING] A MASSAGE ESTABLISHMENT
§ 480.0535, Fla. Stat.
To prove the crime of Failure to Provide Required Documents While [Working in] [Operating] a Massage Establishment, the State must prove the following three elements beyond a reasonable doubt:
L (Defendant) [was employed by a massage establishment] [was performing massage in a massage establishment] [operated a massage establishment],
2. [A Department of Health investigator] [A law enforcement officer] requested valid government identification from (defendant).
Give this element # 3 if Defendant is charged with either being employed by a massage establishment or performing a massage in the massage establishment.
3. (Defendant) failed to immediately produce:

Give as applicable.

a. a valid, unexpired driver license issued by a state, territory, or a district of the United States.
b. a valid, unexpired identification card issued by any state, territory, or district of the United States.
c. a valid, unexpired United States passport.
d. a naturalization certificate issued by the United States Department of Homeland Security.
e. a valid, unexpired alien registration receipt card.
f. a valid, unexpired employment authorization card issued by the United States Department of Homeland Security.
Give this element # 3 if Defendant is charged with operating a massage establishment.
3. (Defendant) failed to immediately produce for each employee and person performing massage in the establishment:

Give as applicable.

a. a valid, unexpired driver license issued by a state, territory, or a district of the United States.
b. a valid, unexpired identification card issued by any state, territory, or district of the United States.
c. a valid, unexpired United States passport.
d. a naturalization certificate issued by the United States Department of Homeland Security.
e. a valid, unexpired alien registration receipt card.
f. a valid, unexpired employment authorization card issued by the United States Department of Homeland Security.

Definitions.

§ U80.033(3), Fla. Stat.

“Massage” means the manipulation of the soft tissues of the human body with the hand, foot, arm, or elbow, whether *709 or not such manipulation is aided by hydrotherapy, including colonic irrigation, or thermal therapy; any electrical or mechanical device; or the application to the human body of a chemical or herbal preparation.

§ m.0S3(7) and § m.OSS(h), Fla. Stat.

“Establishment” means a site or premises, or portion thereof, wherein a massage therapist practices massage. A “massage therapist” is a person licensed by the state, who administers massage for compensation.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comments
There is no definition of “law enforcement officer.”
A first violation is a misdemeanor of the second degree. A second violation is a misdemeanor of the first degree. A third violation is a third degree felony. There is no case law as to whether the State can prove two prior violations to the judge at sentencing or whether the two prior violations are an element of the felony.
This instruction was adopted in 2013.
29.24 HUMAN TRAFFICKING

§ 787.06(3), Fla. Stat.

To prove the crime of Human Trafficking, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) [engaged in] [attempted to engage in] [benefited financially by receiving something of value from a participation in a venture that subjected a person to] human trafficking.
2. (Defendant) did so [knowing] [in reckless disregard of the fact] that a person would be subject to human trafficking.

Definitions.

Give in all eases.

§ 787.06(2)(d), Fla. Stat.

“Human trafficking” means [transporting] [soliciting] [recruiting] [harboring] [providing] [enticing] [maintaining] [or] [obtaining] another person for the purpose of exploitation of that person through:
a. [coercion for labor or services].
b. [coercion for commercial sexual activity].
c. [coercion for labor or services of any individual who is an unauthorized alien],
d. [coercion for commercial sexual activity of any individual who is an unauthorized alien],
e. [coercion for labor or services who does so by the transfer or transport of any individual from outside Florida to within Florida].
f. [coercion for commercial sexual activity who does so by the transfer or transport of any individual from outside Florida to within Florida].

Give in all cases, as applicable.

§ 787.06(2) (a), Fla. Stat.

“Coercion” means:
1. Using or threatening to use physical force against any person;
2. Restraining, isolating, or confining or threatening to restrain, isolate, or confine any person without lawful authority and against her or his will;
*710 3. Using lending or other credit methods to establish a debt by any person when labor or services are pledged as a security for the debt, if the value of the labor or services as reasonably assessed is not applied toward the liquidation of the debt, the length and nature of the labor or services are not respectively limited and defined;
4. Destroying, concealing, removing, confiscating, withholding, or possessing any actual or purported passport, visa, or other immigration document, or any other actual or purported government identification document, of any person;
5. Causing or threatening to cause financial harm to any person;
6. Enticing or luring any person by fraud or deceit; or
7. Providing a controlled substance as outlined in Schedule [I][II] of Florida Statute 893.03 to any person for the purpose of:
a. [using coercion for labor or services].
b. [using coercion for commercial sexual activity].
c. [using coercion for labor or services of any individual who is an unauthorized alien].
d. [using coercion for commercial sexual activity of any individual who is an unauthorized alien].
e. [using coercion for labor or services who does so by the transfer or transport of any individual from outside Florida to within Florida].
f. [using coercion for commercial sexual activity who does so by the transfer or transport of any individual from outside Florida to within Florida].
(Name of controlled substance) is a Schedule [I][II] drug within Florida Statute 893.03.

Give as applicable.

§ 787.06(2)(b), Fla. Stat

“Commercial sexual activity” means:
a. (name of chapter 796 crime). (Name of chapter 796 crime) is defined as (insert definition of Chapter 796 crime).
b. an attempt to commit (name of chapter 796 crime). An attempt to . commit (name of chapter 796 crime) is defined as (insert definition of attempt in Instruction 5.1 and then define the Chapter 796 crime).
c. sexually explicit performances. “Sexually explicit performance” means an act or show, whether public or private, that is live, photographed, recorded, or videotaped and intended to arouse or satisfy the sexual desires or appeal to the prurient interest.
d. the production of pornography.

§ 787.06(2)(c), Fla. Stat. Insert definition of loan sharking from § 687.071 Fla. Stat. Insert explanation of the statute of frauds from § 725.01 Fla. Stat.

“Financial harm” includes [extortionate extension of credit] [loan sharking] [employment contracts that violate the statute of frauds].

§ 787.06(2)(e), Fla. Stat.

“Labor” means work of economic or financial value.

§ 787.06(2)0), Fla. Stat.

“Maintain” means in relation to labor or services, to secure or make possible *711 continued performance thereof, regardless of any initial agreement on the part of a victim to perform such type service.

§ 787.06(2)(ff), Fla. Stat.

“Obtain” means, in relation to labor or services, to secure performance thereof.

§ 787.06(2) (h), Fla. Stat.

“Services” means any act committed at the behest of, under the supervision of, or for the benefit of another. [The term includes, but is not limited to [forced marriage] [servitude] [the removal of organs].]
§ 787.06(2)(j), Fla. Stat. See 8 U.S.C. s. 182ha(h)(8).
“Unauthorized alien” means an alien who is not authorized under federal law to be employed in the United States.

§ 787.06(2)(k), Fla. Stat.

“Venture” means any group of two or more individuals associated in fact, whether or not a legal entity.

Enhanced penalty. § 787.06(3)(g) and (h), Fla. Stat. Give if applicable but only in cases where the exploitation involves commercial sexual activity.

If you find the defendant guilty of Human Trafficking Involving Commercial Sexual Activity, you must then determine whether the State has proven beyond a reasonable doubt that a person under the age of [15][18] was involved.

Enhanced penalty. § 787.06(3)(g) and (h), Fla. Stat. Give if applicable.

If the defendant had a reasonable opportunity to observe (victim), the State does not need to prove that the defendant knew that (victim) had not attained the age of [15][18] years.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment

This instruction was adopted in 2013.

29.25 HUMAN TRAFFICKING BY A [PARENT] [LEGAL GUARDIAN] [PERSON WITH CONTROL] OF A MINOR
§ 787.06(4), Fla. Stat.
To prove the crime of Human Trafficking By a [Parent] [Legal Guardian] [Person With Control] of a Minor, the State must prove the following four elements beyond a reasonable doubt:
L (Defendant) [was a parent] [was a legal guardian] [had custody or control] of (victim).
2. (Defendant) [sold or otherwise transferred custody or control of (victim) ] [offered to sell or offered to otherwise transfer custody of (victim) ].
3. (Defendant) did so [knowing] [in reckless disregard of the fact] that (victim) would be subject to human trafficking.
4. At the time, (victim) was under the age of 18 years.

Definitions.

Give in all cases.

§ 787.06(2)(d), Fla. Stat.

“Human trafficking” means [transporting] [soliciting] [recruiting] [harboring] [providing] [enticing] [maintaining] [or] [obtaining] another person for the purpose of exploitation of that person through:
a. [coercion for labor or services].
*712 b. [coercion for commercial sexual activity].
c. [coercion for labor or services of any individual who is an unauthorized alien].
d. [coercion for commercial sexual activity of any individual who is an unauthorized alien],
e. [coercion for labor or services who does so by the transfer or transport of any individual from outside Florida to within Florida].
f. [coercion for commercial sexual activity who does so by the transfer or transport of any individual from outside Florida to within Florida].

Give in all cases, as applicable.

§ 787.06(2)(a), Fla. Stat.

“Coercion” means:
1. Using or threatening to use physical force against any person;
2. Restraining, isolating, or confining or threatening to restrain, isolate, or confine any person without lawful authority and against her or his will;
3. Using lending or other credit methods to establish a debt by any person when labor or services are pledged as a security for the debt, if the value of the labor or services as reasonably assessed is not applied toward the liquidation of the debt, the length and nature of the labor or services are not respectively limited and defined;
4. Destroying, concealing, removing, confiscating, withholding, or possessing any actual or purported passport, visa, or other immigration document, or any other actual or purported government identification document, of any person;
5. Causing or threatening to cause financial harm to any person;
6. Enticing or luring any person by fraud or deceit; or
7. Providing a controlled substance as outlined in Schedule [I][II] of Florida Statute 893.03 to any person for the purpose of:
a. [using coercion for labor or services].
b. [using coercion for commercial sexual activity].
c. [using coercion for labor or services of any individual who is an unauthorized alien],
d. [using coercion for commercial sexual activity of any individual who is an unauthorized alien].
e. [using coercion for labor or services who does so by the transfer or transport of any individual from outside Florida to within Florida].
f. [using coercion for commercial sexual activity who does so by the transfer or transport of any individual from outside Florida to within Florida].
(Name of controlled substance) is a Schedule [I][II] drug within Florida Statute 893.03.

Give as applicable.

§ 787.06(2)(b), Fla. Stat.

“Commercial sexual activity” means:
a. (name of chapter 796 crime). (Name of chapter 796 crime) is defined as (insert definition of Chapter 796 crime).
b. an attempt to commit (name of chapter 796 crime). An attempt to *713 commit (name of chapter 796 crime) is defined as (insert definition of attempt in Instruction 5.1 and then define the Chapter 796 crime).
c. sexually explicit performances. “Sexually explicit performance” means an act or show, whether public or private, that is live, photographed, recorded, or videotaped and intended to arouse or satisfy the sexual desires or appeal to the prurient interest.
d. the production of pornography.

§ 787.06(2)(c), Fla. Stat. Insert definition of loan sharking from § 687.071, Fla. Stat. Insert explanation of the statute of frauds from § 725.01, Fla. Stat.

“Financial harm” includes [extortionate extension of credit] [loan sharking] [employment contracts that violate the statute of frauds].

§ 787.06(2) (e), Fla. Stat.

“Labor” means work of economic or financial value.

§ 787.06(2)0), Fla. Stat.

“Maintain” means in relation to labor or services, to secure or make possible continued performance thereof, regardless of any initial agreement on the part of a victim to perform such type service.

§ 787.06(2)(g), Fla. Stat.

“Obtain” means, in relation to labor or services, to secure performance thereof.

§ 787.06(2) (h), Fla. Stat.

“Services” means any act committed at the behest of, under the supervision of, or for the benefit of another. [The term includes, but is not limited to [forced marriage] [servitude] [the removal of organs].]

S 787.06(2)6), Fla. Stat. See 8 U.S.C. s. 132ja(h)(3).

“Unauthorized alien” means an alien who is not authorized under federal law to be employed in the United States.

Enhanced penalty. § 787.06(3)(h), Fla. Stat. Give if applicable but only in cases where the exploitation involves commercial sexual activity.

If you find the defendant guilty of Human Trafficking Involving Commercial Sexual Activity, you must then determine whether the State has proven beyond a reasonable doubt that the minor was under the age of 15.

§ 787.06(3)(g) and (h), Fla. Stat. Give if applicable but only in cases where the exploitation involves commercial sexual activity.

If the defendant had a reasonable opportunity to observe (victim), the State does not need to prove that the defendant knew that (victim) had not attained the age of [15][or][18] years.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2013.

. The Committee’s proposals also included instructions 28.83 (Aggravated Fleeing or Eluding (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Serious Bodily Injury or Death)) and 28.85 (Aggravated Fleeing or Eluding (Leaving a Crash Involving Damage to a Vehicle or Property then Causing Injury or Property Damage to Another)). However, the Committee filed a motion to withdraw those instructions on June 25, 2013; said motion was granted on September 23, 2013.

. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.