MARTIN, Circuit Judge,
dissenting:
The majority concludes that Florida statute § 825,102(1) categorically constitutes a crime of moral turpitude based on the level of intent required by the statute and because it reads the statute to require the defendant to know that the victim is a member of the protected class. My reading of § 825.102(1) differs from the majority’s, so I respectfully dissent.
Section 825.102(1) is as follows:
(1) “Abuse of an elderly person or disabled adult” means:
(a) Intentional infliction of physical or psychological injury upon an elderly person or disabled adult;
(b) An intentional act that could reasonably be expected to result in physical or psychological injury to an elderly person or disabled adult; or
(c) Active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or psychological injury to an elderly person or disabled adult.
A person who knowingly or willfully abuses an elderly person or disabled adult without causing great bodily harm, permanent disability, or permanent disfigurement to the elderly person or disabled adult commits a felony of the third degree[.]
Fla. Stat, §' 825.102(1). As the majority correctly relates, the court’s job in determining whether a conviction under this statute constitutes a “crime involving moral turpitude” begins by determining the “least culpable conduct” for which someone could be convicted under the statute. The answer to this question leads me to the conclusion that a person can be convicted under § 825.102(1) without having committed a crime involving moral turpitude.
The investigation into the least culpable conduct calls for the court to look at the types of conduct state courts have recognized violate the statute. Like the majority, I have reviewed the standard jury instructions promulgated by the Florida Supreme Court for § 825.102(1). Those instructions show that the government must prove the following two elements: (1) knowing or willful commission of subsection (a), (b), or (c); and (2) at the time, the victim was an elderly person or disabled adult. See In re Standard Jury Instructions in Criminal Cases—Report No. 2012-08, 131 So.3d 692, 703-04 (Fla. 2013).
If a statute encompasses some conduct that would constitute a crime involving moral turpitude and other conduct that would not, then the statute does not categorically involve a crime of moral turpitude. My reading of the statute does not require the intentional or knowing infliction of injury. Subsection (l)(b) requires “an intentional act that could reasonably be expected to result in physical or psychological injury,” The intent requirement seems to me to go to the.act, not to the harm that might result from the act. Along this same.line, the BIA characterized the intent required under this , statute as “conscious disregard of the likelihood of injury,” or recklessness. This is in keeping with the Florida case law interpreting the nearly identical child abuse statute. See Clines v. State, 765 So.2d 947, 948 (Fla. 5th DCA 2000) (holding that the defendant’s “irrational, hostile and. reckless behav *1249 ior” — cocking a loaded gun in the same room as a sleeping child and pointing it at the ceiling after threatening the child— was sufficient evidence to support the trial judge’s conclusion that the defendant’s “intentional acts placed the child in a zone of ‘reasonably expected’ physical danger”). A person may be convicted under subsection (l)(b) even if the person did not intend to cause injury, so long as the person intended to commit ah act, while disregarding the reasonable likelihood of injury.
Second, I do not read § 825.102(1) to require knowledge of the victim’s status as a member of the protected class. The statute says that the lack of knowledge of the victim’s age is not a defense. Fla. Stat. § 825.104. And the jury instructions do not require the jury to find that the defendant had knowledge of the victim’s status. See In re Standard Jury Instructions, 131 So.3d at 703.
Finally, a person can be convicted under the statute without causing actual injury to the victim. Fla. Stat. § 825.102(l)(b)-(c). Thus, under my reading of the statute, a defendant can be convicted without injuring the victim; without intending to injure the victim; and without knowing that the victim is a member of the protected class.
Moral turpitude is, admittedly, a “nebulous concept.” Matter of Danesh, 19 I. & N. Dec. 669, 670 (BIA 1988)1 But in my view, the least culpable conduct proscribed by the statute does not rise to the level of moral turpitude. For that reason, I respectfully dissent.