# Supreme Court of Florida

_____

No. SC15-2372
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—REPORT NO. 2015-08.**

[July 7, 2016]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions in criminal cases and asks that the Court authorize the amended standard instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee proposes amending the following existing standard criminal jury instructions: 8.3 (Battery); 21.16 (Falsely Personating an Officer); 23.1 (Maintaining a Place of Prostitution, Lewdness, or Assignation); 23.2 (Soliciting for the Purpose of Prostitution or a Lewd or Indecent Act); 23.3 (Receiving for the Purpose of Prostitution, Lewdness or Assignation); 23.4 (Transporting for the Purpose of Prostitution, Lewdness or Assignation); 23.5 (Offering to Commit, Committing, or Engaging in Prostitution, Lewdness, or Assignation); 23.6

(Soliciting for Prostitution, Lewdness, or Assignation); 23.7 (Entering for the Purpose of Prostitution, Lewdness, or Assignation); 28.11 (Driving While License Suspended, Revoked or Canceled with Knowledge); 29.20 (Abuse of [An Elderly Person] [A Disabled Adult]); 29.21 (Aggravated Abuse of [An Elderly Person] [A Disabled Adult]); and 29.22 (Neglect of [An Elderly Person] [A Disabled Adult]).[1]

Before filing its report with the Court, the Committee published its proposals for comment in The Florida Bar News. No comments were received by the Committee, and the Court did not publish the proposals once filed by the Committee.

Having considered the Committee's report, we amend standard jury instructions 8.3, 21.16, 29.20, 29.21, and 29.22 as proposed by the Committee and authorize them for publication and use. With respect to the proposals to amend instructions 23.1–23.7 and 28.11, we decline to use the instant proceedings authorizing the publication and use of standard jury instructions as the basis for deciding a substantive issue—i.e., treating the statutory enhancement as an element

---

1. As originally filed in its report, the Committee also proposed new instruction 8.26 (Violation of Injunction for Protection Against [Repeat] [Sexual] [Dating] Violence). Subsequently, the Committee moved to withdraw its proposal to add new instruction 8.26, on the basis that existing instruction 8.19 covers the crime of Violation of an Injunction for Protection Against [Repeat] [Sexual] [Dating] Violence, as codified in section 784.047, Florida Statutes. The Court granted the Committee's motion on April 12, 2016.

of the crime as opposed to a sentencing factor.  Such matters are appropriate for consideration by this Court only within the context of an actual case or controversy.  <u>See</u> art. V, § 3(b), Fla. Const.; <u>In re Std. Jury Instrs. in Crim. Cases— Report No. 2015-05</u>, 41 Fla. L. Weekly S140 (Fla. April 7, 2016).

The amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[2]  New language is indicated by underlining, and deleted language is indicated by struck-through type.  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

---

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Frederic Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; Judge Jerri Lynn Collins, Past Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida; and Barton Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

 for Petitioner

# APPENDIX

## 8.3 BATTERY
§ 784.03, Fla. Stat.

**To prove the crime of Battery, the State must prove the following element beyond a reasonable doubt:**

*Give 1 and/or 2 as applicable.*
1.     ~~(Defendant)~~ **intentionally touched or struck** (victim) **against [his] [her] will.**

2.     ~~(Defendant)~~ **intentionally caused bodily harm to** (victim).

*Give if the defendant is charged with having a prior conviction for battery, felony battery, or aggravated battery and after the jury found the defendant guilty. § 784.03(2), Fla. Stat.; State v. Harbaugh, 754 So. 2d 691 (Fla. 2000).*
**Now that you have found** (defendant) **guilty of Battery, you must determine whether the State proved beyond a reasonable doubt that [he] [she] has a prior conviction for battery [or aggravated battery] [or felony battery].**

**"Conviction" means a determination of guilt that resulted from a plea or trial, regardless of whether [he] [she] was adjudicated guilty or whether adjudication was withheld.**

### Lesser Included Offenses

| BATTERY — 784.03 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

### Comment

This instruction was approved in 1981 and amended in 2016.

- 5 -

## 21.16 FALSELY PERSONATING AN OFFICER
### § 843.08, Fla. Stat.

**To prove the crime of Falsely Personating An Officer, the State must prove the following [two] [three] elements beyond a reasonable doubt:**

1. (Defendant) **falsely assumed or pretended to be a[n] [police officer] [deputy sheriff] [sheriff] [firefighter] [officer of the Florida Highway Patrol] [officer of the Fish and Wildlife Conservation Commission]** [officer of the Department of Transportation] **[fire or arson investigator of the Department of Financial Services] [officer of the Department of Financial Services] [officer of the Department of Corrections] [correctional probation officer] [state attorney] [assistant state attorney] [statewide prosecutor] [assistant statewide prosecutor] [state attorney investigator] [coroner] [lottery special agent] [lottery investigator] [beverage enforcement agent] [watchman] [member of the** Parole **Florida Commission on Offender Review] [administrative aide to the** Parole **Florida Commission on Offender Review] [supervisor employed by the** Parole **Florida Commission on Offender Review] [representative or personnel of the Department of Law Enforcement] [federal law enforcement officer].**

2. **While doing so,** (defendant) **[took it upon [himself] [herself] to act as such an officer] [required [someone]** [(name of person)] **to aid or assist [him] [her] in a matter pertaining to the duty of such an officer].**

*Give if applicable.*
3. **The impersonation occurred during the commission of a felony.**

**The court instructs you that** (name of felony) **is a felony. A[n]** (name of felony) **is defined as** (insert elements of felony)**.**

*Definitions. Give if applicable.*
*§ 901.1505, Fla. Stat.*
**A federal law enforcement officer is a person who is employed by the Federal Government as a full-time law enforcement officer, who is**

empowered to effect an arrest for violations of the United States Code, who is authorized to carry firearms in the performance of her or his duties, and who has received law enforcement training equivalent to training for Florida law enforcement officers.

*§ 843.08, Fla. Stat.*
**A "watchman" means a security officer licensed under Chapter 493 of the Florida Statutes.**

*See other statutes for definitions of other officers, if needed.*

*Give if applicable.*
**If you find the defendant guilty of Falsely Personating an Officer and that the impersonation occurred during the commission of a felony, you must then determine whether the State has proven beyond a reasonable doubt that the commission of the felony resulted in [death] [or] [personal injury] to another human being.**

**Lesser Included Offenses**

| FALSELY PERSONATING AN OFFICER — 843.08 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2013 [122 So. 3d 302] and amended in 2016.

**29.20 ABUSE OF [AN ELDERLY PERSON] [A DISABLED ADULT]**
§ 825.102(1), Fla. Stat.

**To prove the crime of Abuse of [An Elderly Person] [A Disabled Adult], the State must prove the following two elements beyond a reasonable doubt:**

**1.** (Defendant) **knowingly or willfully abused** (victim) **by:**

*Give as applicable.*

a. **intentionally inflict~~ed~~ing physical or psychological injury upon** (victim)**.**

b. **committ~~ed~~ing an intentional act that could reasonably be expected to result in physical or psychological injury to** (victim)**.**

c. **actively encourag~~ed~~ing another person to commit an act that resulted in or could reasonably have been expected to result in physical or psychological injury to** (victim)**.**

2. **At the time,** (victim) **was [an elderly person] [a disabled adult].**

*Definitions. Give as applicable.*
*§ 825.101(4~~3~~), Fla. Stat.*
**"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.**

*§ 825.101(~~5~~4), Fla. Stat.*
**"Elderly person" means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person's own care or protection is impaired.**

*~~Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).~~*
**"Willfully" means ~~knowingly,~~ intentionally~~,~~ and purposely.**

## Lesser Included Offenses

| ABUSE OF [AN ELDERLY PERSON] [A DISABLED ADULT] — 825.102(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Battery | 784.03 | 8.3 |
| | Attempt | 777.04(1) | 5.1 |

## Comment

This instruction was adopted in 2013 [131 So. 3d 692] and amended in 2016.


## 29.21 AGGRAVATED ABUSE OF [AN ELDERLY PERSON] [A DISABLED ADULT]
§ 825.102(2), Fla. Stat.

**To prove the crime of Aggravated Abuse of [An Elderly Person] [Disabled Adult], the State must prove the following two elements beyond a reasonable doubt:**

**1.** (Defendant)

*Give as applicable.*

    **a.** **committed aggravated battery upon** (victim)**.**

    **b.** **willfully tortured** (victim)**.**

    **c.** **maliciously punished** (victim)**.**

    **d.** **willfully and unlawfully caged** (victim)**.**

    **e.** **knowingly or willfully abused** (victim) **and in so doing caused great bodily harm, permanent disability, or permanent disfigurement.**

**2.** **At the time,** (victim) **was [an elderly person] [a disabled adult].**

*Definitions. Give as applicable.*
*§ 825.101(4~~3~~), Fla. Stat.*
**"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.**

*§ 825.101(5~~4~~), Fla. Stat.*
**"Elderly person" means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person's own care or protection is impaired.**

*Give if element 1a is charged.*
*§ 784.045, Fla. Stat.*
**In order to prove that an aggravated battery was committed, the State must prove the following:**

1.     (Defendant) **intentionally touched or struck** (victim) **against the will of** (victim) **or caused bodily harm to** (victim)**.**

2.     **In so doing,** (defendant) **intentionally or knowingly caused [great bodily harm] [permanent disability] [permanent disfigurement] or [used a deadly weapon].**

*Give if applicable.*
**A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.**

*Give if element 1b, 1d, or 1e is charged.*
*~~Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).~~*
**"Willfully" means ~~knowingly,~~ intentionally~~,~~ and purposely.**

*Give if element 1c is charged.*
**"Maliciously" means wrongfully, intentionally, and without legal justification or excuse. Maliciousness may be established by circumstances from which one could conclude that a reasonable person would not have engaged in the damaging acts toward ~~the victim~~ (victim) for any valid reason**

- 10 -

**and that the primary purpose of the acts was to cause** ~~the victim~~ (victim) **unjustifiable pain or injury.**

*Give if element 1e is charged.*

"**Abused" means the [intentional infliction of physical or psychological injury upon [an elderly person] [a disabled adult]] [commission of an intentional act that could reasonably be expected to result in physical or psychological injury to [an elderly person] [a disabled adult]] [active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or psychological injury to [an elderly person] [a disabled adult]].**

## Lesser Included Offenses

| AGGRAVATED ABUSE OF [AN ELDERLY PERSON] [A DISABLED ADULT] — 825.102(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Aggravated Battery if ~~Fla. Stat.~~ 825.102(2)(a), Fla. Stat., is charged | | 784.045 | 8.4 |
| Abuse of An Elderly Person or Disabled Adult | | 825.102(1) | 29.20 |
| Felony Battery if ~~Fla. Stat.~~ 825.102(2)(a), Fla. Stat., is charged | | 784.041(1) | 8.5 |
| Battery if ~~Fla. Stat.~~ 825.102(2)(a), Fla. Stat., is charged | | 784.03 | 8.3 |
| | Attempt | 777.04(1) | 5.1 |

## Comment

This instruction was adopted in 2013 [131 So. 3d 692] and amended in 2016.

# 29.22 NEGLECT OF [AN ELDERLY PERSON] [A DISABLED ADULT]
§ 825.102(3), Fla. Stat.

**To prove the crime of Neglect of [An Elderly Person] [A Disabled Adult], the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **was a caregiver for** (victim)**.**

2. (Victim) **was [an elderly person] [a disabled adult].**

3. (Defendant)

   *Give as applicable.*
   a. **[willfully] [or] [by culpable negligence] failed or omitted to provide** (victim) **with the care, supervision, and services necessary to maintain** (victim's) **physical or mental health.**

   b. **failed to make a reasonable effort to protect** (victim) **from [abuse], [neglect], [or] [exploitation] by another person.**

*Give if the § 825.102(3)(b), Fla. Stat., is charged.*
**If you find the defendant guilty of Neglect of [An Elderly Person] [A Disabled Adult], you must then determine whether the State proved beyond a reasonable doubt that the defendant's failure or omission caused [great bodily harm] [permanent disability] [or] [permanent disfigurement] to** (victim)**.**

*Definitions.*
*Give if applicable. § 825.101(4̶3̶), Fla. Stat.*
**"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.**

*Give if applicable. § 825.101(5̶4̶), Fla. Stat.*
**"Elderly person" means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning,**

to the extent that the ability of the person to provide adequately for the person's own care or protection is impaired.

*Give in all cases. § 825.101(2), Fla. Stat.*
**"Caregiver" means a person who has been entrusted with or has assumed responsibility for the care or the property of [an elderly person] [a disabled adult]. "Caregiver" includes, but is not limited to, relatives, court-appointed or voluntary guardians, adult household members, neighbors, health care providers, and employees and volunteers of facilities. ["Facility" means any location providing day or residential care or treatment for elderly persons or disabled adults. The term "facility" may include, but is not limited to, any hospital, training center, state institution, nursing home, assisted living facility, adult family-care home, adult day care center, group home, mental health treatment center, or continuing care community.]**

*Give if "willfully" is charged within element 3a.*
*Patterson v. State, 512 So. 2d 1109 (Fla. 1*st* DCA 1987).*
**"Willfully" means knowingly, intentionally, and purposely.**

*Give if "culpable negligence" is charged within element 3a.*
**I will now define what is meant by the term "culpable negligence": Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care for others. For negligence to be called culpable negligence, it must be gross and flagrant. The negligence must be committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily harm.**

*Give if element 3a is charged. § 825.102(3)(a), Fla. Stat.*
**"Care, supervision, and services necessary to maintain the [elderly person's] [disabled adult's] physical and mental health" include, but are not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the [elderly person] [disabled adult].**

*Give if "abuse" is charged within element 3b. § 825.102(1), Fla. Stat.*
**"Abuse" means the [intentional infliction of physical or psychological injury upon [an elderly person] [a disabled adult]] [commission of an**

- 13 -

**intentional act that could reasonably be expected to result in physical or psychological injury to [an elderly person] [a disabled adult]] [active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or psychological injury to [an elderly person] [a disabled adult]].**

*Give if "neglect" is charged within element 3b.* *§ 825.102(3), Fla. Stat.*
**Neglect of [an elderly person] [a disabled adult] may be based on repeated conduct or on a single incident or omission that resulted in, or reasonably could have been expected to result in, serious physical or psychological injury, or a substantial risk of death, to [an elderly person] [a disabled adult].**

*If "exploitation" is charged within element 3b, insert the elements from Instruction 14.9. See § 825.103, Fla. Stat.*

**Lesser Included Offenses**

| NEGLECT OF [AN ELDERLY PERSON] [A DISABLED ADULT] CAUSING [GREAT BODILY HARM] [PERMANENT DISABILITY] [PERMANENT DISFIGUREMENT] — 825.102(3)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Neglect of [An Elderly Person] [A Disabled Adult] Without Causing Great Bodily Harm, Permanent Disability, or Permanent Disfigurement | | 825.102(3)(c) | 29.22 |
| Culpable Negligence Inflicting Actual Personal Injury, if culpable negligence is charged | | 784.05(2) | 8.9 |
| Culpable Negligence Exposing Another Person to Personal Injury, if culpable negligence is charged | | 784.05(1) | 8.9 |

**Comment**

This instruction was adopted in 2013 [131 So. 3d 692] and amended in 2016.