# Supreme Court of Florida

_____

No. SC19-1696
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2019-09.**

January 16, 2020

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize the amended standard instructions for publication and use.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending standard criminal jury instructions 11.10(g) (Lewd or Lascivious Exhibition by a Detainee in the Presence of an Employee of a Facility), 14.1 (Theft), 21.16 (Falsely Personating an Officer), 25.7 (Possession of a Controlled Substance), and 25.14 (Use or Possession with Intent to Use Drug Paraphernalia).  The Committee published the proposals in *The Florida Bar News*; no comments were received by the Committee.  After the Committee filed its report, the Court did not publish the proposals for comment.

Having considered the Committee's report, we authorize the proposed amendments to the instructions for publication and use as proposed. Some of the more significant changes to the instructions are discussed below.

First, instruction 11.10(g) is amended based upon the Legislature's recent amendment to section 800.09, Florida Statutes (2019), which expanded the offense to include commission of lewd or lascivious exhibition in a county detention facility. *See* ch. 2019-167, § 34, Laws of Fla. Thus, "county detention facility" is added as an alternative where the defendant was detained, and the definition for that term, as defined by section 951.23(1), Florida Statutes (2019), is added. In addition, the phrase "any person employed at or performing contractual services for a county detention facility" is added to the definition of "employee," based upon the addition of section 800.09(1)(a)4.

Next, the theft instruction, 14.1, is amended based upon the change to the grand theft statute, section 812.014(2)(c), Florida Statutes (2019), which changed the value of the property stolen from $300 or more to $750 or more, and added the phrase "that, at the time of the taking, was installed in a building for the purpose of fire prevention and control" to the definition of "fire extinguisher." *See* ch. 2019-167, § 36, Laws of Fla.

Instruction 21.16 is amended also based upon recent legislation. Under chapter 2019-22, section 2, Laws of Florida, the Legislature added "a school

guardian as described in s. 30.15(1)(k)" and "a security officer licensed under chapter 493" to the list of impersonated individuals covered by the crime of Falsely Personating an Officer and removed the term "watchman." In addition, "officers of the Department of Environmental Protection" are also included in the list. *See* ch. 2019-141, § 14, Laws of Fla. Instruction 21.16 is amended accordingly.

The amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. We caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

correctness of the instructions. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 11.10(g) LEWD OR LASCIVIOUS EXHIBITION BY A DETAINEE IN THE PRESENCE OF AN EMPLOYEE OF A FACILITY
§ 800.09, Fla. Stat.

To prove the crime of **Lewd or Lascivious Exhibition by a Detainee in the Presence of an Employee of a Facility, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **was detained in a [state correctional institution] [private correctional facility] [county detention facility].**

2. **While detained,** (defendant) **intentionally**

*Give as applicable.*
     a. **masturbated.**

     b. **exposed [his] [her] genitals in a lewd or lascivious manner.**

     c. **committed [a sexual act] [sadomasochistic abuse] [sexual bestiality] [the simulation of any act involving sexual activity] that did not involve actual physical or sexual contact with a victim.**

3. (Defendant's) **act was intentionally committed in the presence of a person [he] [she] knew or reasonably should have known was an employee of the [institution] [facility].**

*Definitions. Give as applicable.*
*§ 944.02(8), Fla. Stat.*
A **"state correctional institution" is any prison, road camp, prison industry, prison forestry camp, or any prison camp or prison farm or other correctional facility, temporary or permanent, in which prisoners are housed, worked, or maintained, under the custody and jurisdiction of the Department of Corrections.**

*§ 944.710(3), Fla. Stat.*
A **"private correctional facility" is any facility, which is not operated by the Department of Corrections, for the incarceration of adults or juveniles who have been sentenced by a court and committed to the custody of the Department of Corrections.**

*§ 951.23(1)(a), Fla. Stat.*
**A "county detention facility" is a county jail, a county stockade, a county work camp, a county residential probation center, and any other place except a municipal detention facility used by a county or county officer for the detention of persons charged with or convicted of either a felony or a misdemeanor.**

*§ 800.09(1)(a), Fla. Stat.*
**"Employee" means [any person employed by or performing contractual services for a public or private entity operating a state correctional institution or a private correctional facility]** ~~**or**~~ **[any person employed by or performing contractual services for the corporation operating the prison industry enhancement programs [or the correctional work programs under part II of chapter 946]] [any person employed at or performing contractual services for a county detention facility]**~~**.**~~ **[**~~**The term also includes**~~ **any person who is a parole examiner with the** ~~**Parole Commission**~~**Florida Commission on Offender Review**~~**.**~~**].**

**The words "lewd" and "lascivious" mean the same thing: a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.**

*§ 800.04(1)(a), Fla. Stat.*
**"Sexual activity" means the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual activity does not include an act done for a bona fide medical purpose.**

*Give if applicable.*
**"Bona fide" means genuine.**

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**The definition of "an object" includes a finger.**

*§ 847.001(13), Fla. Stat.*
**"Sadomasochistic abuse" means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm on another or receiving such harm oneself.**

*§ 847.001(15), Fla. Stat.*
**"Sexual bestiality" means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.**

*§ 800.04(1)(d), Fla. Stat.*
**"Victim" means a person upon whom the acts described above was committed or attempted or a person who has reported these acts to a law enforcement officer.**

*See State v. Werner, 609 So. 2d 585 (Fla. 1992).*
**"In the presence of" means that a victim saw, heard, or otherwise sensed that the act was taking place.**

*§ 800.04(2), Fla. Stat.*
**Neither a victim's lack of chastity nor a victim's consent is a defense to the crime charged.**

**Lesser Included Offenses**

| LEWD OR LASCIVIOUS EXHIBITION BY A DETAINEE IN THE PRESENCE OF AN EMPLOYEE OF A FACILITY — 800.09 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Exposure of Sexual Organs | 800.03 | 11.9 |
| | Unnatural and lascivious act* | 800.02* | 11.8* |

**Comments**

*The courts do not require the State to allege the defendant's act was "unnatural" or "against the laws of nature" in order for § 800.02, Fla. Stat., to be given as a lesser-included offense.

There are statutory definitions of "sadomasochistic abuse" and "sexual bestiality" in § 827.071, Fla. Stat., that differ from the statutory definitions in § 847.001, Fla. Stat. As of June 2018September 2019, there is no case law that decides which definition applies for a violation of § 800.09, Fla. Stat.

This instruction was adopted in 2013 [131 So. 3d 720] and amended in 2015 [176 So. 3d 938], ~~and~~ 2018 [257 So. 3d 370], and 2020.

## 14.1 THEFT
§ 812.014, Fla. Stat.

**To prove the crime of Theft, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **knowingly and unlawfully [obtained or used] [endeavored to obtain or to use] the** (property alleged) **of** (victim)**.**

2. **[He] [She] did so with intent to, either temporarily or permanently,**

   a. **deprive** (victim) **of [his] [her] right to the property or any benefit from it.**

   b. **appropriate the property of** (victim) **to [his] [her] own use or to the use of any person not entitled to it.**

*Degrees. Give as applicable.*
**If you find the defendant guilty of ~~t~~Theft, you must also determine if the State has proved beyond a reasonable doubt whether:**

   a. **the value of the property taken was $100,000 or more.**

   b. **the value of the property taken was $20,000 or more but less than $100,000.**

   c. **the value of the property taken was $10,000 or more but less than $20,000.**

   d. **the value of the property taken was $5,000 or more but less than $10,000.**

   e. **the value of the property taken was $~~300~~750 or more but less than $5,000.**

- 8 -

f.  the value of the property taken was $100 or more but less than $~~300~~750.

g.  the value of the property taken was less than $100.

h.  the property taken was a semitrailer that was deployed by a law enforcement officer.

i.  the property taken was cargo valued at $50,000 or more that has entered the stream of commerce from the shipper's loading platform to the consignee's receiving dock.

j.  the property taken was cargo valued at less than $50,000 that has entered the stream of commerce from the shipper's loading platform to the consignee's receiving dock.

k.  the property taken was emergency medical equipment valued at $300 or more that was taken from [a licensed facility] [an emergency medical aircraft or vehicle].

l.  the property taken was law enforcement equipment valued at $300 or more that was taken from an authorized emergency vehicle.

m.  (defendant), individually or in concert with one or more persons, coordinated the activities of another in committing the theft and the value of the property taken was more than $3,000.

n.  the stolen property was [a will, codicil, or other testamentary instrument] [a firearm] [a motor vehicle] [a commercially farmed animal] [an aquaculture species raised at a certified aquaculture facility] [a fire extinguisher that, at the time of the taking, was installed in a building for the purpose of fire prevention and control] [2,000 or more pieces of citrus fruit] [taken from a legally posted construction site] [a stop sign] [anhydrous ammonia] [a controlled substance. Under Florida law, (name of controlled substance) is a controlled substance.]

o. the value of the property taken was **$100 or more but less than $~~300~~750, and was taken from [a dwelling] [the unenclosed curtilage of a dwelling].**

*Give if applicable but only in cases of grand theft. § 812.014(2)(a)3, Fla. Stat.*

**If you find the defendant guilty of theft, you must also determine if the State has proved beyond a reasonable doubt whether:**

p. **in the course of committing the theft,** (defendant) **used a motor vehicle as an instrumentality, other than merely as a getaway vehicle, to assist in committing the theft and thereby damaged the real property of another.**

q. **in the course of committing the theft,** (defendant) **caused more than $1,000 in damage to the [real] [personal] property of another.**

*State of emergency. Applies only to elements b, c, d, j, k and l above.*

**If you find** (defendant) **guilty of theft, you must also determine if the State has proved beyond a reasonable doubt whether:**

r. **the theft was committed within a county that was subject to a state of emergency that had been declared by the governor under Chapter 252, the "State Emergency Management Act"**

**and**

**the perpetration of the theft was facilitated by conditions arising from the emergency.**

*Inferences. Give if applicable. § 812.022(1), Fla. Stat.*

**Proof that a person presented false identification, or identification not current in respect to name, address, place of employment, or other material aspect in connection with the leasing of personal property, or failed to return leased property within 72 hours of the termination of the leasing agreement, unless satisfactorily explained, gives rise to an inference that the property was obtained or is now used with unlawful intent to commit theft.**

*§ 812.022(2), Fla. Stat.*

- 10 -

**Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.**

*§ 812.022(3), Fla. Stat. Do not give unless there is evidence of the fair market value of the stolen property. Barfield v. State, 613 So. 2d 507 (Fla. 1st DCA 1993).*
**Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that the property had been stolen.**

*§ 812.022(4), Fla. Stat.*
**Proof of the purchase or sale of stolen property by a dealer in property, out of the regular course of business or without the usual indicia of ownership other than mere possession, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that it had been stolen.**

*§ 812.022(5), Fla. Stat.*
**Proof that a dealer who regularly deals in used property possesses stolen property upon which a name and phone number of a person other than the offeror of the property are conspicuously displayed gives rise to an inference that the dealer possessing the property knew or should have known that the property was stolen.**

*§ 812.022(6), Fla. Stat.*
**Proof that a person was in possession of a stolen motor vehicle and that the ignition mechanism of the motor vehicle had been bypassed or the steering wheel locking mechanism had been broken or bypassed, unless satisfactorily explained, gives rise to an inference that the person in possession of the stolen motor vehicle knew or should have known that the motor vehicle had been stolen.**

*Definitions.  Give if applicable.*
*§ 316.003, Fla. Stat.*
**"Authorized emergency vehicles" are vehicles of the fire department (fire patrol), police vehicles, and such ambulances and emergency vehicles of municipal departments, public service corporations operated by private corporations, the Department of Environmental Protection, the Department**

of Health, the Department of Transportation, and the Department of Corrections as are designated or authorized by their respective department or the chief of police of an incorporated city or any sheriff of any of the various counties.

*§ 812.012(1), Fla. Stat.*

**"Cargo"** means partial or entire shipments, containers, or cartons of property which are contained in or on a trailer, motortruck, aircraft, vessel, warehouse, freight station, freight consolidation facility, or air navigation facility.

*§ 812.014(2), Fla. Stat.*

**"Conditions arising from the emergency"** means civil unrest, power outages, curfews, voluntary or mandatory evacuations, or a reduction in the presence of or response time for first responders or homeland security personnel.

*§ 810.011(2), Fla. Stat.; Dubose v. State, 210 So. 3d 641 (Fla. 2017).*

**"Dwelling"** means a building [or conveyance] of any kind, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.] For purposes of theft, a **"dwelling"** includes an attached porch or attached garage.

*§ 812.014(2)(b)3, Fla. Stat.*

**"Emergency medical aircraft or vehicle"** means any aircraft, ambulance or other vehicle used as an emergency medical service vehicle that has been issued a permit in accordance with Florida law.

*§ 812.014(2)(b)3, Fla. Stat.*

**"Emergency medical equipment"** means mechanical or electronic apparatus used to provide emergency service and care or to treat medical emergencies.

*§ 395.002(9), Fla. Stat.*

**"Emergency services and care"** means medical screening, examination, and evaluation by a physician, or other medically appropriate personnel under the supervision of a physician, to determine if an emergency medical condition exists, and if it does, the care, treatment, or surgery by a physician

- 12 -

**necessary to relieve or eliminate the emergency medical condition, within the service capability of the facility.**

*§ 812.014(2)(b)4, Fla. Stat., and § 943.10, Fla. Stat.*
**"Law enforcement equipment" means any property, device, or apparatus used by a law enforcement officer in the officer's official business. A law enforcement officer is any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

*§ 810.09(2)(d), Fla. Stat.*
*If the construction site is greater than one acre in area, see § 810.09(2)(d)1, Fla. Stat., and § 810.011(5)(a), Fla. Stat.*
**A "legally posted construction site" means a construction site of one acre or less in area with a sign prominently placed on the property where the construction permits are located, in letters no less than two inches in height, that reads in substantially the following manner: "THIS AREA IS A DESIGNATED CONSTRUCTION SITE, AND ANYONE WHO TRESPASSES ON THIS PROPERTY COMMITS A FELONY."**

*§ 395.002(16), Fla. Stat.*
**"Licensed facility" means a hospital, ambulatory surgical center, or mobile surgical facility licensed by the Florida Agency for Health Care Administration.** *See chapter 395, Fla. Stat.*

*Medrano v. State, 199 So. 3d 413 (Fla. 4th DCA 2016); § 320.01, Fla. Stat. (Some of these terms have their own statutory definitions, which should be given if necessary.)*
**"Motor vehicle" means an automobile, motorcycle, truck, trailer, semitrailer, truck tractor and semitrailer combination, or any other vehicle operated on the roads of this state, used to transport persons or property, and propelled by power other than muscular power, but the term does not include**

**traction engines, road rollers, personal delivery devices, special mobile equipment, vehicles that run only upon a track, bicycles, swamp buggies, or mopeds.**

*§ 810.09(1)(b), Fla. Stat.*
**"Unenclosed curtilage" means the unenclosed land or grounds, and any outbuildings, that are directly and intimately adjacent to and connected with the dwelling and necessary, convenient, and habitually used in connection with that dwelling.**

*§ 812.012(3), Fla. Stat.*
**"Obtains or uses" means any manner of**

    **a. Taking or exercising control over property.**

    **b. Making any unauthorized use, disposition, or transfer of property.**

    **c. Obtaining property by fraud, willful misrepresentation of a future act, or false promise.**

    **d. Conduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud, deception; or other conduct similar in nature.**

**"Endeavor" means to attempt or try.**

*§ 812.012(4), Fla. Stat.*
**"Property" means anything of value, and includes:**

**[real property, including things growing on, affixed to and found in land.]**
**[tangible or intangible personal property, including rights, privileges, interests, and claims.]**
**[services.]**

*§ 812.012(6), Fla. Stat.*

**"Services"** means anything of value resulting from a person's physical or mental labor or skill, or from the use, possession, or presence of property, and includes:

> [repairs or improvements to property.]
> [professional services.]
> [private, public or government communication, transportation, power, water, or sanitation services.]
> [lodging accommodations.]
> [admissions to places of exhibition or entertainment.]

*§ 812.012(10), Fla. Stat.*
**"Value"** means the market value of the property at the time and place of the offense, or if that value cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.

If the exact value of the property cannot be ascertained, you should attempt to determine a minimum value. If you cannot determine the minimum value, you must find the value is less than $100.

*Theft of an Instrument. Give if applicable.*
In the case of a written instrument that does not have a readily ascertainable market value, such as a check, draft, or promissory note, the value is the amount due or collectible.

In the case of any other instrument that creates, releases, discharges or otherwise affects any valuable legal right, privilege, or obligation, the value is the greatest amount of economic loss that the owner of the instrument might reasonably suffer by virtue of the loss of the instrument.

*Theft of a Trade Secret. Give if applicable.*
The value of a trade secret that does not have a readily ascertainable market value is any reasonable value representing the damage to the owner suffered by reason of losing an advantage over those who do not know of or use the trade secret.

*Theft Pursuant to One Scheme. Give if applicable.*
Amounts of value of separate properties involved in thefts committed pursuant to one scheme or course of conduct, whether the thefts are from the

**same person or several persons, may be added together to determine the total value of the theft.**

*Good faith defense. Give if applicable. Cliff Berry, Inc. v. State, 116 So. 3d 394 (Fla. 3d DCA 2012).*
**It is a defense to the charge of Theft if** (defendant) **had an honest, good faith belief that [he] [she] had the right to possess the** (property alleged) **of** (victim)**.**

**If you have a reasonable doubt about whether** (defendant) **had an honest, good faith belief, even though unreasonable or mistaken, that [he] [she] had the right to possess the** (property alleged) **of** (victim)**, you should find [him] [her] not guilty of Theft.**

**If you find the State proved beyond a reasonable doubt the defendant did not have a honest, good faith belief that [he] [she] had the right to possess the** (property alleged) **of** (victim)**, you should find [him] [her] guilty, if all of the elements of Theft have been proven beyond a reasonable doubt.**

**Lesser Included Offenses**

| GRAND THEFT — FIRST DEGREE (PROPERTY VALUED AT $100,000 OR MORE) — 812.014(2)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Grand theft — second degree | | 812.014(2)(b) | 14.1 |
| Grand theft — third degree | | 812.014(2)(c)1.,2.,3. | 14.1 |
| Petit theft — first degree | | 812.014(2)(e) | 14.1 |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | Trade secrets | 812.081 | |

| GRAND THEFT — SECOND DEGREE (PROPERTY VALUED AT $20,000 OR MORE BUT LESS THAN $100,000) — 812.014(2)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Grand theft — third degree | | 812.014(2)(c)1.,2., 3. | 14.1 |
| Petit theft — first degree | | 812.014(2)(e) | 14.1 |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | Trade secrets | 812.081 | |

| GRAND THEFT — THIRD DEGREE (PROPERTY VALUED AT $~~300~~750 OR MORE BUT LESS THAN $20,000) — 812.014(2)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Petit theft — first degree | | 812.014(2)(e) | 14.1 |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | Trade secrets | 812.081 | |

| GRAND THEFT — THIRD DEGREE (A MOTOR VEHICLE) — 812.014(2) (c)6 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Trespass to conveyance | 810.08 | 13.3 |

| GRAND THEFT — THIRD DEGREE (PROPERTY VALUED AT $100 OR MORE BUT LESS THAN $~~300~~750 AND TAKEN FROM DWELLING) — 812.014(2)(d) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Petit theft — first degree | | 812.014(2)(e) | 14.1 |
| Petit theft — second degree | None | 812.014(3)(a) | 14.1 |

| PETIT THEFT — FIRST DEGREE — 812.014(2)(e) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | None | | |

| PETIT THEFT — FIRST DEGREE — 812.014(3)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |
| | None | | |

| PETIT THEFT — SECOND DEGREE — 812.014(3)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | None | | |

| FELONY PETIT THEFT — 812.014(3)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Petit theft — first degree | | 812.014(3)(b) | 14.1 |
| Petit theft — second degree | | 812.014(3)(a) | 14.1 |

### Comments

It is error to inform the jury of a prior theft conviction. Therefore, if the information or indictment contains an allegation of one or more prior theft convictions, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of a theft, the historical fact of a previous theft conviction shall be determined beyond a reasonable doubt in a bifurcated proceeding. *State v. Harbaugh*, 754 So. 2d 691 (Fla. 2000).

According to § 705.102, Fla. Stat., whenever any person finds lost or abandoned property, such person must report the description and location of the property to a law enforcement officer. Any person who unlawfully appropriates such lost or abandoned property to his or her own use commits Theft. In such cases, a special instruction will be required.

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1987 [508 So. 2d 1221], 1989 [543 So. 2d 1205], 1992 [603 So. 2d 1175], 2003 [850 So. 2d 1272], 2005 [911 So. 2d 766 and 915 So. 2d 609], 2008 [986 So. 2d 563], 2013 [109 So. 3d 721], 2016 [190 So. 3d 614], ~~and~~ 2018 [256 So. 3d 1316], and 2020.

## 21.16 FALSELY PERSONATING AN OFFICER
§ 843.08, Fla. Stat.

**To prove the crime of Falsely Personating An Officer, the State must prove the following [two] [three] elements beyond a reasonable doubt:**

1.    (Defendant) **falsely assumed or pretended to be a[n] [police officer] [deputy sheriff] [sheriff] [firefighter] [officer of the Florida Highway Patrol] [officer of the Fish and Wildlife Conservation Commission] [officer of the Department of Environmental Protection] [fire or arson investigator of the Department of Financial Services] [officer of the Department of Financial Services] [officer of the Department of Corrections] [correctional probation officer] [state attorney] [assistant state attorney] [statewide prosecutor] [assistant statewide prosecutor] [state attorney investigator] [coroner] [lottery special agent] [lottery investigator] [beverage enforcement agent] [school guardian] [a security officer licensed under Chapter 493, Florida Statutes]** ~~[watchman]~~ **[member of the Florida Commission on Offender Review] [administrative aide to the Florida Commission on Offender Review] [supervisor employed by the Florida Commission on Offender Review] [representative or personnel of the Department of Law Enforcement] [federal law enforcement officer].**

2.    **While doing so,** (defendant) **[took it upon [himself] [herself] to act as such an officer] [required [someone]** [(name of person)] **to aid or assist [him] [her] in a matter pertaining to the duty of such an officer].**

*Give if applicable.*
3.    **The impersonation occurred during the commission of a**

- 19 -

**felony.**

**The court instructs you that** (name of felony) **is a felony. A[n]** (name of felony) **is defined as** (insert elements of felony)**.**

*Definitions. Give if applicable.*
*§ 901.1505, Fla. Stat.*
**A federal law enforcement officer is a person who is employed by the Federal Government as a full-time law enforcement officer, who is empowered to effect an arrest for violations of the United States Code, who is authorized to carry firearms in the performance of her or his duties, and who has received law enforcement training equivalent to training for Florida law enforcement officers.**

*§ 843.08, Fla. Stat.*
**A "watchman" means a security officer licensed under Chapter 493 of the Florida Statutes.**

*See § 30.15(1)(k), Fla. Stat. for description of school guardian.*
*See other statutes for definitions of other officers, if needed.*

*Give if applicable.*
**If you find the defendant guilty of Falsely Personating an Officer and that the impersonation occurred during the commission of a felony, you must then determine whether the State has proven beyond a reasonable doubt that the commission of the felony resulted in [death] [or] [personal injury] to another human being.**

## Lesser Included Offenses

| FALSELY PERSONATING AN OFFICER — 843.08 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comment

This instruction was adopted in 2013 [122 So. 3d 302] and amended in 2016 [194 So. 3d 1007], and 2020.

# 25.7 POSSESSION OF A CONTROLLED SUBSTANCE
§ 893.13(6), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance) **is a controlled substance.**

**To prove the crime of Possession of a Controlled Substance, the State must prove the following [two] [three] elements beyond a reasonable doubt:**

**1.** (Defendant) **possessed a substance.**

**2. The substance was** (specific substance)**.**

*§ 893.13(6)(b), Fla. Stat. Give if applicable.*
*The jury must make a finding as to weight if the defendant is charged with possessing more than 20 grams of cannabis.*
**3. The cannabis weighed more than 20 grams.**

**To prove** (defendant) **"possessed a substance," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the substance and b) intentionally exercised control over that substance.**

*Give if applicable.*
**Control can be exercised over a substance whether the substance is carried on a person, near a person, or in a completely separate location. Mere proximity to a substance does not establish that the person intentionally exercised control over the substance in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the substance or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a substance may be sole or joint, that is, two or more persons may possess a substance.**

*Give if applicable. Cannabis. §§ 893.02(3), 893.13(6)(b), Fla. Stat.*
*See Comment section for medical marijuana.*
**Cannabis means all parts of any plant of the genus *Cannabis*, whether growing or not, and the seeds thereof [but does not include any resin extracted from the plant].**

*Affirmative defense: Lack of knowledge of illicit nature. Give if applicable.*
*§ 893.101(2) and (3), Fla. Stat.*

**Lack of knowledge of the illicit nature of a controlled substance is a defense to** (crime charged)**. You may but are not required to infer that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] possessed the controlled substance.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Possession of a Controlled Substance.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Possession of a Controlled Substance.**

## Lesser Included Offenses

| POSSESSION OF A CONTROLLED SUBSTANCE — 893.13(6) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Possession of Less than 20 Grams of Cannabis if the felony level of cannabis is charged | | 893.13(6)(b) | 25.7 |
| | Attempt | 777.04(1) | 5.1 |

## Comments

*§ 893.21, Fla. Stat.*

A person acting in good faith who seeks medical assistance for <u>himself, herself, or</u> ~~an~~ <u>another</u> ~~individual~~ experiencing <u>or believed to be experiencing</u> a drug-related <u>or alcohol-related</u> overdose may not be prosecuted for <u>simple</u> Possession of a Controlled Substance if the evidence of the possession was obtained as a result of the person seeking medical assistance.

A special instruction is necessary when the defense is a mere involuntary or superficial possession. *See* cases such as *Hamilton v. State*, 732 So. 2d 493 (Fla. 2d DCA 1999) and *Sanders v. State*, 563 So. 2d 781 (Fla. 1st DCA 1990).

Starting in 2014, the Legislature passed laws pertaining to "medical cannabis" or "low-THC cannabis," which is excluded from the definition of "cannabis" in § 893.02(3), Fla. Stat.; is defined in § 381.986(1), Fla. Stat.; and must be manufactured, possessed, sold, purchased, delivered, distributed, or dispensed in conformance with § 381.986, Fla. Stat. A special instruction will be necessary in cases where a defendant relies on a cannabis-related prescription defense.

Starting in 2019, the Legislature excluded hemp as defined in § 581.217, Fla. Stat., and industrial hemp as defined in § 1004.4473, Fla. Stat., from the definition of "cannabis" in § 893.02(3), Fla. Stat.

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], 2017 [216 So. 3d 497], and 2018 [238 So. 3d 182], and 2020.


## 25.14 USE OR POSSESSION WITH INTENT TO USE DRUG PARAPHERNALIA
§ 893.147(1), Fla. Stat.

**To prove the crime of Use or Possession With Intent to Use Drug Paraphernalia, the State must prove the following two elements beyond a reasonable doubt:**

1.      (Defendant) **knew of the presence of drug paraphernalia.**

2.      (Defendant) **[used the drug paraphernalia] [or] [possessed the drug paraphernalia with intent to use it] to:**

**[plant] [propagate] [cultivate] [grow] [harvest] [manufacture] [compound] [convert] [produce] [process] [prepare] [test] [analyze] [pack] [repack] [store] [contain] [conceal] a controlled substance;**

**or**

**[inject] [ingest] [inhale] [or] [introduce] a controlled substance into the human body.**

**The Court instructs you that** (name of substance) **is a controlled substance.**

*Definitions.*
*Possession.*

**To prove** (defendant) **"possessed drug paraphernalia," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the drug paraphernalia and b) intentionally exercised control over that drug paraphernalia.**

*Give if applicable.*

**Control can be exercised over drug paraphernalia whether the drug paraphernalia is carried on a person, near a person, or in a completely separate location. Mere proximity to drug paraphernalia does not establish that the person intentionally exercised control over the drug paraphernalia in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the drug paraphernalia or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*

**Possession of drug paraphernalia may be sole or joint, that is, two or more persons may possess drug paraphernalia.**

*Drug Paraphernalia. § 893.145, Fla. Stat.*

**The term "drug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, transporting, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance or a substance listed in § 877.111, Florida Statutes]. The Court instructs you that** (name of substance) **is a substance listed in § 877.111, Florida Statutes.**

**It includes, but is not limited to:**
*Give specific definition as applicable.*

1. **Kits used, intended for use, or designed for use in planting, propagating, cultivating, growing, or harvesting of any species of plant which is a controlled substance or from which a controlled substance can be derived.**

2. **Kits used, intended for use, or designed for use in manufacturing, compounding, converting, producing, processing, or preparing controlled substances.**

3.     Isomerization devices used, intended for use, or designed for use in increasing the potency of any species of plant which is a controlled substance.

4.     Testing equipment used, intended for use, or designed for use in identifying, or in analyzing the strength, effectiveness, or purity of, controlled substances.

5.     Scales and balances used, intended for use, or designed for use in weighing or measuring controlled substances.

6.     Diluents and adulterants, such as quinine hydrochloride, caffeine, dimethyl sulfone, mannitol, mannite, dextrose, and lactose used, intended for use, or designed for use in diluting controlled substances or substances such as damiana leaf, marshmallow leaf, and mullein leaf, used, intended for use, or designed for use as carrier mediums of controlled substances.

7.     Separation gins and sifters used, intended for use, or designed for use in removing twigs and seeds from, or in otherwise cleaning or refining, cannabis.

8.     Blenders, bowls, containers, spoons, and mixing devices used, intended for use, or designed for use in compounding controlled substances.

9.     Capsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances.

10.    Containers and other objects used, intended for use, or designed for use in storing or concealing controlled substances.

11.    Hypodermic syringes, needles, and other objects used, intended for use, or designed for use in parenterally injecting controlled substances into the human body.

12.    Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing controlled substances or a substance listed in § 877.111, Florida Statutes, into the human body, such as:

a. Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls.

b. Water pipes.

c. Carburetion tubes and devices.

d. Smoking and carburetion masks.

e. Roach clips: meaning objects used to hold burning material, such as a cannabis cigarette, that has become too small or too short to be held in the hand.

f. Miniature cocaine spoons, and cocaine vials.

g. Chamber pipes.

h. Carburetor pipes.

i. Electric pipes.

j. Air-driven pipes.

k. Chillums.

l. Bongs.

m. Ice pipes or chillers.

*Relevant factors. § 893.146, Fla. Stat.*

In addition to all other logically relevant factors, the following factors shall be considered in determining whether an object is drug paraphernalia:

1. Statements by an owner or by anyone in control of the object concerning its use.

2. The proximity of the object, in time and space, to a direct violation of the drug laws.

3. The proximity of the object to controlled substances.

4. The existence of any residue of controlled substances on the object.

5.     Evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom [he] [she] knows, or should reasonably know, intend to use the object to facilitate a violation of the drug laws. The innocence of an owner, or of anyone in control of the object, as to a direct violation of the drug laws shall not prevent a finding that the object is intended for use, or designed for use, as drug paraphernalia.

6.     Instructions, oral or written, provided with the object concerning its use.

7.     Descriptive materials accompanying the object which explain or depict its use.

8.     Any advertising concerning its use.

9.     The manner in which the object is displayed for sale.

10.    Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products.

11.    Evidence of the ratio of sales of the object or objects to the total sales of the business enterprise.

12.    The existence and scope of legitimate uses for the object in the community.

13.    Expert testimony concerning its use.

**Lesser Included Offenses**

| USE OR POSSESSION WITH INTENT TO USE DRUG PARAPHERNALIA — 893.147(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment<u>s</u>**

*§ 893.21, Fla. Stat.*

<u>A person acting in good faith who seeks medical assistance for himself, herself, or another experiencing or believed to be experiencing a drug-related or</u>

alcohol-related overdose may not be prosecuted for Use or Possession with Intent to Use Drug Paraphernalia if evidence of the crime was obtained as a result of the person seeking medical assistance.

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1992 [603 So. 2d 1175], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2014 [153 So. 3d 192], 2016 [191 So. 3d 291], 2017 [216 So. 3d 497], and 2019 [272 So. 3d 243], and 2020.